```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOUSTAFA A. EL SHAHAT,

                     Plaintiff,  :    11 Civ. 04690 (CM) (DF)

    -against-  :  **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                     Defendant.
------------------------------------------------------------X

**TO THE HONORABLE COLLEEN MCMAHON, U.S.D.J.:**  12/2/13

In this case, which was remanded for further administrative proceedings pursuant to 42 U.S.C. § 405(g) and is closed on the Docket of the Court, plaintiff Moustafa A. El Shahat ("Plaintiff") has now moved for an Order reopening the case, directing the defendant Commissioner of Social Security ("Commissioner" or "Defendant")[1] to file the certified administrative record in the case, and granting summary judgment in favor of Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, I respectfully recommend that Plaintiff's motion (Dkt. 10) be granted in part and denied in part.

**BACKGROUND**

**MEMO ENDORSED**

A.   **Procedural History**

Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB") on February 9, 2009, alleging that he was disabled as of December 19, 2008. (*See* Complaint, dated July 5, 2011 ("Compl.") (Dkt. 1), ¶¶ 4-5.) Plaintiff's application was denied by Administrative

---

[1] At the time this case was commenced, the named defendant, Michael J. Astrue, was serving as the Commissioner of Social Security. Since then, Commissioner Astrue has stepped down, and the current Acting Commissioner is Carolyn W. Colvin.

*Copies mailed/faxed/handed to counsel on 12/2/13*

12/2/2013 The time for filing objections has expired. No objections have been filed. The court adopts the report as its opinion. Plaintiff's motion is granted to the extent of reopening the case for further proceedings; denied insofar as it seeks to [further] compel the commissioner to file the for a certified copy of the [record] & [returns] the [record]; [further] judgment in [favor] of plaintiff & [the underlying party]. The [last] is [without prejudice to] plaintiff's [seeking] an order directing the Clerk of the Court to [reopen] [this] [matter] so it [seeks] an order [declaring]...

Law Judge ("ALJ") Robert Gonzalez on December 9, 2010. (*Id.* ¶ 7.) Plaintiff's petition for review of this decision was denied by the Social Security Administration ("SSA") Appeals Council on May 17, 2011, rendering ALJ Gonzalez's decision the final decision of the Commissioner. (*Id.* ¶ 8.)

Plaintiff commenced the present action on July 7, 2011, seeking review of the Commissioner's denial of his application for DIB. Before the Commissioner answered the Complaint, the parties stipulated that the case should be remanded for further administrative proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g), and, on January 4, 2012, the Court "So Ordered" the parties' stipulation. (Dkt. 9.) On January 5, 2012, the case was terminated on the Court's Docket.

On remand, Plaintiff amended his application to assert that the date of the onset of his disability was March 1, 2009, three months later than the disability onset date that he had originally alleged. (*See* Notice of Motion, dated Jan. 10, 2013, (Dkt. 10), App'x 1.) Then, on September 26, 2012, ALJ Mary Sparks issued a decision in Plaintiff's favor, finding that Plaintiff was disabled as of March 1, 2009. (Notice of Motion, App'x 1, at 1.) Defendant filed ALJ Sparks's favorable decision with this Court on January 14, 2013. (*See* Notice of Filing of Favorable Administrative Decision on Remand, dated Jan. 14, 2013 ("Notice Fav. Dec.") (Dkt. 12), Ex. A (Copy of ALJ's "fully favorable" decision).)

### B. Plaintiff's Motion

Currently before the Court is Plaintiff's motion to reopen the case and grant summary judgment in his favor. In his moving papers, Plaintiff argues that he is the "prevailing party" within the meaning of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and is therefore entitled to judgment in his favor. (*See* Memorandum in Support of Motion to Reopen

the Proceedings, and Enter Judgment in Favor of Plaintiff, dated Jan. 10, 2013 ("Pl. Mem.") (Dkt. 11), at 2-3.) Plaintiff also asks the Court to compel Defendant to file a certified copy of the administrative record in this action. (*See* Reply Memorandum in Support of Motion to Reopen the Proceedings, and Enter Judgment in Favor of Plaintiff, dated Apr. 15, 2013 ("Pl. Reply Mem.") (Dkt. 16), at 4.)

Defendant does not oppose Plaintiff's application to reopen the case or for the entry of judgment in this matter. Defendant argues, however, that Plaintiff is not entitled to a judgment that declares Plaintiff the "prevailing party" within the meaning of the EAJA, or that requires Defendant to file the record of administrative proceedings in this case. (*See* Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and an Order Directing the Commissioner to File an Administrative Record After Remand, dated Mar. 22, 2013 ("Def. Mem.") (Dkt. 14), at 2-5.)

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

It is now well-settled that 42 U.S.C. § 405(g), which governs judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party," limits the district courts to granting only two types of remands: (1) remands pursuant to the fourth sentence of Section 405(g),[2] and (2) remands pursuant to the sixth sentence Section

---

[2] Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

3

405(g).³ *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Whether a court remands a case pursuant to sentence four or six impacts the timing of when the court enters a judgment in the case, which in turn impacts a plaintiff's ability to seek attorney's fees under the EAJA.

A court may only remand a case pursuant to sentence four of Section 405(g) when the court has also entered a final judgment "affirming, modifying, or reversing" the administrative decision. 42 U.S.C. § 405(g); *see also Schaefer*, 509 U.S. at 297; *Melkonyan*, 501 U.S. at 101. Thus, a sentence four remand necessarily "accompanies a judgment that terminates the district court's jurisdiction." *Edwards Ex Rel. Edwards v. Barnhart*, 238 F. Supp. 2d 645, 649 (S.D.N.Y. 2003) (citing 42 U.S.C. § 405(g)). In contrast, where, as here, a court remands a case pursuant to sentence six, the court continues to retain jurisdiction over the case during the subsequent administrative proceedings, and Section 405(g) "requires that the [Commissioner] 'shall,' after reconsidering its decision, return to the court for final judgment." *Edwards*, 238 F. Supp. 2d at 653; *see also Schaefer*, 509 U.S. at 297 ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and

---

³ Sentence six provides: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g).

their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."). Further, upon returning to the court after a sentence six remand, the Commissioner must file with the court any "additional and modified findings of fact and decision" that occurred pursuant to the remand, and, "in any case in which the Commissioner has not made a decision fully favorable to the individual, [the Commissioner must file] a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g); *see also Melkonyan*, 501 U.S. at 102; *Edwards*, 238 F. Supp. 2d at 649-50.

Whether a court remands a case pursuant to sentence four or sentence six is also important to whether and when a plaintiff can receive attorney's fees under the EAJA. The EAJA provides, in relevant part, that:

>   (A)   Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
>   (B)   A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(A), (B) (emphases added).

As an initial matter, when a judgment is entered under Section 405(g) is important because of the EAJA's requirement that an application for attorney's fees be filed within 30 days

5

of the "'final judgment in the action,'" 28 U.S.C. § 2412(d)(1)(B), a term defined in the statute as a "'judgment that is final and not appealable,'" 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has explained that this refers to a judgment that is "'entered in compliance with Rul[e] 58 . . . of the Federal Rules of Civil Procedure,'" *Schaefer*, 509 U.S. at 302 (quoting Fed. Rules App. Proc. 4(a)(1), (7)), which, in turn, "requires a district court to set forth every judgment 'on a separate document' and provides that '[a] judgment is effective only when so set forth,'" *id.* at 302-03. As a sentence four remand is necessarily accompanied by a "final judgment ('affirming, modifying, or reversing' [the administrative decision])," it triggers the 30-day filing period for fees under the EAJA, whereas, "[i]n sentence six cases, the filing period [for fees under 28 U.S.C. § 2412(d)(1)(B)] does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan*, 501 U.S. at 101-02; *see also Schaefer*, 509 U.S. at 297 n.2.

In addition, the Supreme Court has clarified that a claimant "prevails" within the meaning of the EAJA immediately after a sentence four remand, regardless of whether he or she eventually receives benefits on remand. *Schaefer*, 509 U.S. at 300-02; *Edwards*, 238 F. Supp. 2d at 651. By contrast, where the court orders a sentence six remand, the claimant cannot "prevail *until* he obtains benefits" as a result of the court's remand. *Edwards*, 238 F. Supp. 2d at 657 (emphasis in original); *see also id.* at 655.

## II.   PLAINTIFF'S MOTION

In this action, the Court remanded the case to the Commissioner pursuant to "sentence six, for further administrative proceedings," based on a stipulation entered into by the parties before the Commissioner filed his answer. (*See* Dkt. 9.) On remand, the ALJ issued a decision that granted Plaintiff's application for benefits, and the Commissioner has since filed this

6

modified decision with the Court, as required by Section 405(g). (Dkt. 12.) Thus, the time is ripe for the Court to enter a final judgment that will conclude the civil matter. To this end, Plaintiff's motion asks the Court (a) to reopen the proceedings in this action, (b) to order Defendant to file the complete administrative record, and (c) to grant summary judgment in Plaintiff's favor. Each of these requests will be addressed in turn.

### A.     Whether To Reopen the Proceedings

As to the first of Plaintiff's requests, both parties agree that it is appropriate to reopen the proceedings in this action, at this time. (*See* Def. Mem., at 2.) Although the remand in this case was pursuant to sentence six, meaning that the court retained jurisdiction over the case following remand, for administrative reasons the court's file was closed upon remand to the agency. Thus, I recommend that the Clerk of the Court be directed to reopen this case for further proceedings.

### B.     Whether the Commissioner Should Be Required To File the Administrative Record

Plaintiff's second request – that the Commissioner be directed to file a certified copy of the administrative record at this time – should be denied. The Commissioner has already filed the modified administrative decision, which was all that Section 405(g) required in the circumstances presented.

As discussed above, sentence six of Section 405(g) specifically limits the Commissioner's obligations to file "a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based" to cases where "the Commissioner has not made a decision fully favorable to the individual." 42 U.S.C. § 405(g) (emphasis added). This limitation was added by Congress in 2004, to "clarify that the SSA is *not* required to file a transcript with the court when the SSA, on remand, issues a decision fully

favorable to the claimant." H.R. Rep. No. 108-46, at 49 (2003), 2004 U.S.C.C.A.N. 472, 501 (emphasis added). The legislative history of the amendment explains that its rationale was to avoid unnecessary costs. *See id.* (stating that, "[i]f the Administrative Law Judge issues a fully favorable decision, then transcribing the hearing is unnecessary since the claimant would not appeal this decision"); *see also Wilson v. Barnhart*, No. 02-2114-JAR-JTR, 2006 WL 4059098, at *8 (D. Kan. Sept. 19, 2006) (noting that, in amending the statute, Congress expressly determined that, in cases fully favorable to the claimant, filing the full administrative record is "unnecessary and would impose unnecessary costs on the Social Security Administration").

Here, the record clearly demonstrates that, after the sentence six remand, the Commissioner issued a decision that was "fully favorable" to Plaintiff. (*See* Notice Fav. Dec., Ex. A, at 1.) After Plaintiff amended his original benefits application, the ALJ found that Plaintiff was disabled as of March 1, 2009, and notified Plaintiff of her decision and findings in a letter that, on the first page, stated: "Notice of Decision – Fully Favorable." (*Id.* Ex. A, at 1, 5, 10.) Accordingly, under the plain language of Section 405(g), the Commissioner was not obligated to file the administrative record in this case.

Plaintiff does not contend that the administrative decision following remand was not "fully favorable" to him. Rather, Plaintiff's only argument as to why Defendant should be compelled to file the administrative record is that, when Plaintiff files his motion for attorney's fees under the EAJA, Defendant might be expected to oppose that motion on the grounds that his actions were substantially justified, and, in that event, the "Court would want to have before it[] the certified record on which the ALJ's decision was based." (*See* Pl. Reply Mem., at 4.) In connection with his anticipated fee motion, Plaintiff notes that the Commissioner will bear the burden of showing that his position had a "reasonable basis both in law and fact." (*Id.* at 4

(citing *Pierce v. Underwood*, 487 U.S. 552, 563, 565 (1988); *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)); *see also Scarborough v. Principi*, 541 U.S. 401, 415-16 (2004).) Yet regardless of what evidence Defendant might want to introduce to the Court in opposition to Plaintiff's future fee motion, Plaintiff provides absolutely no legal support for his assertion that, contrary to Congress's clear intent, the Court should require Defendant to bear the cost and burden of producing a certified administrative record at this time. Although it may be in the Commissioner's interest to file a certified record if he chooses to oppose a motion for attorney's fees under the EAJA, Plaintiff has failed to demonstrate that the Court should compel the Commissioner to do so at this time.

### C. Whether Judgment Should Be Granted in Plaintiff's Favor and Whether He Should be Declared a "Prevailing Party" Under the EAJA

Plaintiff's final request is for the Court to enter judgment in his favor pursuant to Rule 56 of the Federal Rules of Civil Procedure and to declare him the "prevailing party," under the EAJA. (Pl. Mem., at 3-4; Pl. Reply Mem., at 4.) While both parties agree that it would be appropriate for the Court to enter a judgment in this case, they disagree over the form that judgment should take. Defendant contends that Plaintiff is neither entitled to judgment "as a matter of law," *see* Fed. R. Civ. P. 56(a), nor to be declared the "prevailing party" in this action within the meaning of the EAJA. (Def. Mem., at 3-4.) Rather, Defendant argues that the appropriate judgment in this case is one where the Court neutrally recounts the history of the case (including that, following remand, the Commissioner adopted a modified decision and filed that decision with the Court), and dismisses the case. (*Id.*) For the following reasons, I recommend that the Court enter judgment in Plaintiff's favor, but not declare Plaintiff to be a "prevailing party" within the meaning of the EAJA.

9

It appears that Defendant's only argument against the entry of a judgment in Plaintiff's favor under Rule 56 is that Plaintiff has failed to submit a Local Civil Rule 56.1 statement. (*See* Def. Mem., at 3.) As Defendant acknowledges, however, while failure to submit such a statement *may* be grounds for denial of the motion, the Court is not required to deny the motion on this basis. Notably, Defendant has not argued that disputed issues of fact remain. *See Johnson v. Comm'r of Soc. Sec.*, 64 F. Supp. 2d 55, 57-58 (D. Conn. 1999) (granting summary judgment where no issues of fact remained following remand). The parties agree that, following the Court's sentence six remand of this case for further administrative proceedings, the Commissioner granted Plaintiff's February 9, 2009 application for DIB, and that Defendant has since filed that favorable decision with this Court, as required by Section 405(g). (Dkt. 12.) Accordingly, it is appropriate for the Court to enter a final judgment at this time, and, in the absence of issues of material fact, such a judgment may be entered pursuant to Rule 56. *See* Fed. R. Civ. P. 56(a).

In addition, given that Plaintiff received a fully favorable decision from the Commissioner on remand, Plaintiff is entitled to judgment in his favor. Although neither party has cited any examples of judgments in other cases to support their respective positions on the form the judgment should take in this case, this Court's independent research has revealed that, where a plaintiff received benefits as the result of proceedings pursuant to a sentence six remand, courts in this district have entered judgment in favor of the plaintiff. *See, e.g., McAlpine v. Astrue*, No 5:10-cv-0817 (GTS/DEP) (N.D.N.Y. July 12, 2011) (unpublished Report and Recommendation (Dkt. 12), at 2-3 ("Since remand has occurred and the plaintiff has now received a fully favorable decision from the agency, her application for entry of judgment in this court is proper.")), *adopted by* 2011 WL 4344051 (N.D.N.Y. Sept. 14, 2011); *Salvo v. Comm'r*

*of Soc. Sec.*, 751 F. Supp. 2d 666, 677 (S.D.N.Y. 2010) (granting motion for entry of judgment in plaintiff's favor where plaintiff received a fully favorable decision from the Commissioner following sentence six remand); *Sergenton v. Astrue*, No. 05-CV-4551 (ADS) (E.D.N.Y. Oct. 5, 2009) (unpublished Order (Dkt. 23), at 1 (order directing clerk of court to enter judgment in plaintiff's favor where plaintiff received a fully favorable decision following sentence six remand)); *Johnson*, 64 F. Supp. 2d at 57-58 (granting plaintiff's motion for summary judgment where he received favorable decision following sentence six remand). Given the plethora of Social Security cases reviewed by district courts, it is also notable that Defendant has not identified any cases where a plaintiff received benefits on remand, but the court then declined to enter judgment in the plaintiff's favor. I therefore recommend that Plaintiff's motion for summary judgment be granted and that a final judgment be entered in favor of Plaintiff.

It would not, however, be appropriate to determine, on this motion, whether Plaintiff is a "prevailing party" within the meaning of the EAJA. Plaintiff has not moved for attorney's fees under the EAJA, so the question of whether Plaintiff is a prevailing party within the meaning of the EAJA is not a dispute properly before the Court at this time.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that Plaintiff's motion (Dkt. 10) be granted in part and denied in part, and that the Court issue an order directing the Clerk of the Court to reopen these proceedings and then to enter judgment in Plaintiff's favor, affirming the Commissioner's final decision on remand.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall

11

be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, United States Courthouse, 500 Pearl Street, Room 1640, New York, NY 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, NY 10007. Any requests for an extension of time for filing objections should be directed to Judge McMahon. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
November 6, 2013

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All parties (via ECF)